UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

D.J.C.V., a minor child, and G.C., his father,

                             Plaintiffs,

               -v-

UNITED STATES OF AMERICA,

                             Defendant.

20 Civ. 5747 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      A decision will issue in due course on defendant's pending motion to dismiss. This order previews aspects of the Court's ruling, and directs counsel immediately to commence jurisdictional discovery as to a distinct issue.

      On March 5, 2021, the Court held argument on the motion to dismiss. The Court there noted that there were at least two distinct periods of separation as to which plaintiffs brought claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680. The first began on May 2, 2018, when Department of Homeland Security agents took D.J.C.V. away from G.C., and then detained G.C. *See* Dkt. 1 ("Compl.") ¶ 90. That period lasted until October 10, 2018, when G.C. was released from secure detention. The second period began October 10, 2018 and lasted until October 15, 2018, when Judge Hellerstein, granting G.C.'s habeas corpus petition, ordered that he be reunited with his son. *Id.* ¶¶ 130–32. The second period, lasting five days, is thus not attributable to G.C.'s secure detention.

      The Court's assessment is that a distinct analysis applies to each period of separation.

      As to the first period, the Court, on March 8, 2021, set a schedule for supplemental letter briefs to guide the Court on whether to commission jurisdictional discovery as to which policy

actually formed the basis of the Government's decision to initially separate G.C. from D.J.C.V. Dkt. 78. The Court's preliminary determination is that, if G.C.'s criminal history of domestic violence—to the exclusion of the "Zero Tolerance" policy announced by the Attorney General on April 6, 2018—drove the initial decision to separate the G.C. and D.J.C.V., the Government would be immune from suit under the FTCA. *See* 28 U.S.C. § 2680(a) (Government not liable for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid," or "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused"). In that circumstance, the Court would not have subject-matter jurisdiction over plaintiffs' claim as to the first period of separation.

The parties' helpful letter briefs agree that the Court may order jurisdictional discovery to help it answer this threshold jurisdictional question. *See* Dkt. 84 (Government) ("Court may . . . order jurisdictional discovery"); Dkt. 87 (plaintiffs) ("Court should order ample jurisdictional discovery before resolving the 12(b)(1) motion"). For reasons on which the Court will amplify in a full opinion, to follow, the Court is persuaded that jurisdictional discovery as to this question is warranted.

In the interest of expeditious litigation, the Court orders that discovery on this limited issue commence forthwith. Such discovery is to be limited to material sufficient to reliably resolve the Government's claim that the separation of G.C. from D.C.J.V. was based upon G.C.'s criminal history, and not the executive policy of family separation alleged in the Complaint. The Court envisions that discovery will be tightly targeted at the distinct separation of the parent and child at issue in this case. As part of this jurisdictional discovery, the Court does not preclude

plaintiffs from seeking very limited discovery as to the Government's separation decisions prior to the onset of the "Zero Tolerance Policy" involving families in which a parent had a criminal history similar to G.C.'s.  Such discovery is authorized to enable plaintiffs' theory to be tested that G.C.'s criminal history was cited pretextually, with the actual basis for his separation from D.C.J.V. being the broader executive policy of family separation.  *See* Dkt. 87 at 2–3.  The parties are directed to confer and file a joint discovery plan, along these lines, by April 19, 2021, that contemplates the completion of such discovery within approximately six weeks.

As to the second period of separation, as noted, the Court has determined that plaintiffs' claims based on the FTCA cannot be dismissed on the pleadings.  The Government's stated justification for the separation during this period is that, once a child is in the custody of the Office of Refugee Resettlement ("ORR"), the Trafficking Victims Protection Reauthorization Act, 8 U.S.C. § 1232(c)(3)(A), requires the ORR, before releasing the child to a custodian, to determine first that the custodian is capable of providing for the child's physical and mental well-being.  Dkt. 22 ("Gov. Mem.") at 24–25.  The Government represents, factually, that it did not have time to make that determination before Judge Hellerstein, finding the separation unconstitutional, ordered G.C. and D.J.C.V. to be reunited.  *Id.*  The Government argues that it is immune from suit as to this second period under the due care and discretionary function exceptions to the FTCA.  *See* Dkt. 77 ("Gov. Reply") at 10–11.  But, as the Court will explain more fully in the opinion that will follow, the Government has not met its burden to show that either exemption applies, because it cannot be determined on the pleadings that the required determination could not have been made either before G.C.'s release or within a shorter period thereafter.  *See Molchatsky v. United States*, 778 F.Supp.2d 421, 431 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013); *see also Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1261

(2d Cir. 1975) ("[A] federal official cannot have discretion to behave unconstitutionally or outside the scope of his delegated authority."); *D.J.C.V. v. U.S. Immigr. & Customs Enf't*, No. 18 Civ. 9115 (AKH), 2018 WL 10436675, at *1 (S.D.N.Y. Oct. 15, 2018). The Court therefore will deny the Government's motion to dismiss as to this second period, and allow plaintiffs' claim as to the five-day separation between October 10 and 15, 2018 to go forward.

The Court does not direct that merits discovery as the second period commence before the Court's full opinion issues. The Court notifies counsel of this coming aspect of the Court's decision solely in the event that this foreknowledge enables the parties to achieve discovery efficiencies as they embark on jurisdiction discovery with respect to the first separation period.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 9, 2021
       New York, New York