

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

March 18, 2022

By ECF
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *D.J.C.V., et al. v. United States of America*, No. 20-cv-5747 (PAE)

Dear Judge Engelmayer:

The parties provide the below update regarding the above-captioned case. On February 23, 2022, the parties informed the Court that a settlement of this action is not feasible at this time and that the stay in this matter should be lifted. The parties also requested that they be provided until March 18, 2022, to provide a proposed jurisdictional discovery plan to the Court, which the Court granted.

On April 9, 2021, the Court issued an order directing the parties to commence jurisdictional discovery with respect to an issue that would affect the Court's adjudication of Defendant's pending motion to dismiss. *See* Dkt. No. 88 ("Discovery Order"). Thereafter, prior to this matter being stayed in light of potential resolution, Plaintiffs propounded discovery requests on Defendant.

The parties have conferred and propose the following discovery plan to the Court—a plan that requires some context. In addition to this matter, there are two actions pending in the District of Arizona, where the parties have already undertaken substantial discovery. *See C.M. v. United States,* No. 19-cv-05217 (D. Ariz.) and *A.P.F. v. United States,* No. 20-cv-00065 (D. Ariz.). This discovery included the collection and production of tens of thousands of documents ("Arizona Documents").[1]

As noted, Plaintiffs have propounded several document requests (among other discovery) on Defendant. In light of the Court's order permitting limited jurisdictional discovery, the parties

---

[1] Similar to this matter, the documents collected and produced for the Arizona litigations included documents related to the specific plaintiffs in *C.M. v. United States,* No. 19-cv-05217 (D. Ariz.) and *A.P.F. v. United States*, No. 20-cv-00065 (D. Ariz.) and national documents. The term "Arizona Documents" does not include documents related to the specific plaintiffs in those actions. The date range of the ESI searches for the Arizona Documents is from January 20, 2017, to June 26, 2018.

Case 1:20-cv-05747-PAE Document 116 Filed 03/21/22 Page 2 of 3

Page 2 of 3

have reached a compromise with respect to certain issues and have agreed to the below framework, subject to the Court's approval.

Defendant will produce the Arizona Documents to Plaintiffs, however Plaintiffs (either in jurisdictional discovery or full discovery) will not seek any additional national discovery (*i.e.* discovery that is not specific to the individual Plaintiffs in this matter), subject to the following points of understanding.[2] First, Defendant confirms that it is running independent searches with respect to Plaintiffs-specific documents from May 1, 2018, to October 15, 2018. In other words, given that the Arizona Documents did not (necessarily) implicate these specific Plaintiffs, Defendant is not relying on the Arizona Documents to meet its discovery obligations as to the pending document requests with respect to searching for and producing documents that specifically implicate the Plaintiffs in this action. Second, Defendant confirms that it is conducting independent, appropriate searches with respect to several of Plaintiffs' requests for production—specifically, requests two, three, five, and eight contained in Plaintiffs' April 23, 2021, discovery demands. These searches are being run for the time period of 2014 to October of 2018.[3] While, as noted, Plaintiffs will not pursue any additional national discovery hereafter, there is one exception – Plaintiffs may seek additional discovery, if appropriate, with respect to Plaintiffs' fourth request for production contained in their April 23, 2021, discovery demands.

To achieve the above, the parties propose the following discovery deadlines to the Court:

(1) Defendant shall submit responses and objections to Plaintiffs' discovery demands by April 15, 2022;
(2) Defendant shall produce all documents responsive to Plaintiffs' discovery requests by May 27, 2022;
(3) Defendant will make best efforts to produce documents on a rolling basis;
(4) The parties shall provide a status update to the Court by June 10, 2022.

Defendant is cognizant that this is a longer schedule than anticipated by the Court. However, after extensive consultation with the multiple federal agencies implicated by Plaintiffs' discovery demands, we respectfully submit that the additional time is necessary. We thank the Court for its consideration of this matter.

---

[2] To the extent additional productions are made in Arizona or Defendant is ordered to revise its productions in Arizona in light of privilege rulings made by the Arizona court, then Defendant will provide those additional/revised productions to Plaintiffs.

[3] This framework only applies with respect to Plaintiffs' document demands. Defendant will respond to Plaintiffs' interrogatories and requests for admissions in due course.

Page 3 of 3

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

/s/ Alexander J. Hogan
ALEXANDER J. HOGAN
REBECCA R. FRIEDMAN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799/2614
E-mail: alexander.hogan@usdoj.gov
            rebecca.friedman@usdoj.gov

Granted.   The parties should not expect further
extensions.
        SO ORDERED.

_____
        PAUL A. ENGELMAYER
        United States District Judge
        March 21, 2022