# Morgan Lewis

**Zane David Memeger**
Partner
+1.215.963.5750
zane.memeger@morganlewis.com

July 15, 2022

**BY ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>D.J.C.V., et al. v. United States of America</u>, No. 20-cv-5747 (PAE)

Dear Judge Engelmayer:

We represent the Plaintiffs in the above-captioned matter. On June 21, 2022, the Court granted the Parties' request for an extension to file a status update and proposed merits discovery plan. Dkt. No. 131. The Parties have met and conferred regarding the proposed merits discovery plan, and we write on behalf of all Parties to respectfully propose the following discovery plan to the Court.

For context, the Parties agree that there are three relevant parts that comprise the discovery plan. The first is jurisdictional discovery related to G.C. and D.J.C.V.'s initial period of separation ("Jurisdictional Discovery"). The second is, potentially, merits discovery related to G.C. and D.J.C.V's initial period of separation ("Initial Separation Merits Discovery"), should the Court decide the jurisdictional question in Plaintiffs' favor. The third is merits discovery related to G.C. and D.J.C.V.'s second, 5-day, period of separation from October 10–15, 2018 ("Second Separation Merits Discovery"). The Parties recognize that the Court's assessment of the Parties' future filings on Jurisdictional Discovery will determine whether the Court can reach the merits of Plaintiffs' claims stemming from the initial period of separation. The plan outlined below attempts to address this variable while avoiding duplicative discovery efforts.

- Defendant shall serve interrogatories and requests for production of documents on Plaintiffs by August 30, 2022.

- Plaintiffs shall respond to Defendant's interrogatories and requests for productions of documents by September 30, 2022.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921
United States

T +1.215.963.5000
F +1.215.963.5001

Hon. Paul A. Engelmayer
July 15, 2022
Page 2

- Plaintiffs shall (1) complete review of Defendant's document productions[1] and (2) notice fact depositions to Defendant for Jurisdictional Discovery and the Second Separation Merits Discovery by October 15, 2022.

- Plaintiffs shall schedule and complete fact depositions on Jurisdictional Discovery and the Second Separation Merits Discovery by December 30, 2022, with any U.S. Department of Homeland Security (DHS) deponents, including U.S. Customs & Border Protection deponents and U.S. Immigration and Customs Enforcement deponents, being deposed by December 16, 2022.

    - The Parties will use good faith efforts to determine the number of depositions related to the Jurisdictional Discovery and the Second Separation Merits Discovery, with the understanding that each side is entitled to 10 depositions overall in this action.

    - The government reserves the right to object to any proposed deponent on the basis of judicial economy, efficiency, potential overlap with depositions that have already occurred in other child separation cases around the country, or for any other reason.

- Following close of Jurisdictional Discovery, the Parties shall submit simultaneous supplemental briefing on the jurisdictional question on January 27, 2023. The Parties shall submit any reply briefing in further support of their positions by February 16, 2023.

- Defendant shall file an answer to Plaintiffs' complaint within fourteen (14) days of the Court's ruling on the jurisdictional question regarding the initial period of separation.

- The Parties shall notice, schedule, and complete fact depositions related to the initial period of separation (to the extent Plaintiffs prevail on the jurisdictional issue) and plaintiffs' depositions, as well as expert depositions related to damages, within ninety (90) days of the Defendant filing an answer to Plaintiffs' complaint.

The Parties are cognizant of the proposed plan's length. But, the Parties agree that the proposed timing is necessary to adequately address the jurisdictional and merits issues presented in the case.[2]

---

[1] The government has produced approximately 65,000 documents (285,000 pages) to be reviewed and analyzed for purposes of depositions and future briefing.

[2] Plaintiffs note that a substantial portion of their case team will be in trial for all of August 2022.

Hon. Paul A. Engelmayer
July 15, 2022
Page 3

We thank the Court for its attention to this matter.

Sincerely,

/s/ Zane D. Memeger

Zane David Memeger

ZDM/emp

The Court approves the parties' discovery plan. Given the length of the proposed deadlines, the parties should not expect any extensions.

The Court hereby schedules a case management conference to take place on January 27, 2023 at 10 a.m. The purpose of this conference will be to discuss, *inter alia*, next steps with respect to claims arising out of the second period of separation, as to which discovery will have recently been completed. In the event that any party contemplates moving for summary judgment on such claims, that party is directed to submit a 3-page pre-motion letter previewing that motion, and the opposing party is to submit a 3-page response, consistent with and on the timetable set out in the Court's Individual Rule 3.H. In the event such motion(s) are contemplated, the Court, in consultation with counsel, will set a schedule at the January 27, 2023 conference for summary judgment briefing.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
7/18/22