

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

November 15, 2022

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>D.J.C.V., et al. v. United States of America</u>, No. 20-cv-5747 (PAE)

Dear Judge Engelmayer:

    This Office represents the United States of America (the "Government") in the above-captioned action. We write, with the consent of Plaintiffs' counsel, respectfully to request a 30-day extension of the Jurisdictional Discovery deposition deadline, from December 30, 2022, to January 30, 2023; a 45-day extension of the December 16, 2022, deadline for deposing any U.S. Department of Homeland Security ("DHS") witnesses to that same date; and a 30-day extension of the deadlines for the parties' supplemental briefing and reply briefing on the jurisdictional question to accommodate the change in the deposition schedule. Briefing on the jurisdictional issue would be due on February 27, 2023, and the parties' reply briefs would be due on March 20, 2023.[1] We are mindful of the Court's admonition in approving the parties' proposed discovery plan that "[g]iven the length of the proposed deadlines, the parties should not expect any extensions," ECF No. 135 at 3, but as discussed below believe that this extension is necessary to permit the parties to complete document and deposition discovery in an orderly fashion and to potentially resolve ongoing disagreements about the scope of Jurisdictional Discovery without the need to involve the Court.

    As Your Honor is aware, on July 18, 2022, the Court so-ordered the parties' joint discovery plan. <u>See</u> ECF No. 135 ("Discovery Order"). Pursuant to the Discovery Order, the fact deposition deadline for jurisdictional discovery related to G.C. and D.J.C.V.'s initial period of separation ("Jurisdictional Discovery") is December 30, 2022, with any DHS deponents to be deposed by December 16, 2022. <u>See id.</u> at 2. The parties have been working expeditiously to meet these deadlines.

---

[1] The parties will plan to attend the January 27, 2023, case management conference as scheduled, or on any adjourned date set by the Court.

Specifically, after the parties exchanged interrogatories, on or about May 13, 2022, this Office produced approximately 60,000 documents to Plaintiffs. Plaintiffs completed their review of these documents and on October 20, 2022, proposed taking the depositions of five Government witnesses, including (1) two "local" witnesses with knowledge specifically related to the Rio Grande Valley ("RGV") sector and potentially Plaintiffs' particular experience, and (2) three national level witnesses with potential knowledge concerning family separation policies more broadly. After a series of meet and confers, the parties agreed to schedule the depositions of the two RGV-specific witnesses—Watch Commander Gerardo Guerra and U.S. Customs and Border Patrol ("CBP") Agent Johnny Cavazos—on November 21 and 22, 2022, respectively.

The parties disagree about the relevance of national level testimony to the jurisdictional issues. On November 4, 2022, Plaintiffs wrote a letter to the Government explaining that each of the national-level witnesses were connected to documents from the discovery materials that, in Plaintiffs' view, "reflect[ed] a concerted effort to use criminal history as a policy justification for family separation prior to May 2018." The Government responded by email on November 5, stating its view that individuals at the national level are generally not the appropriate witnesses to speak to policy and practice in the RGV sector and specifically why the Plaintiffs were separated. On November 10, 2022, Plaintiffs noticed the depositions of two CBP national level deponents—Meghann Peterlin and Matthew Roggow—for December 13 and 15, 2022, respectively, to ensure that both depositions, if the parties could agree on the scope and number of national-level depositions, would occur within the timeframe articulated in the Court's discovery order. Plaintiffs have also sought to depose Brian Hastings, another national level witness, who has already been deposed in another case, and the parties are negotiating the potential release of the transcript of his deposition to Plaintiffs. Plaintiffs have also raised the possibility of a national level 30(b)(6) jurisdictional deposition. If the parties cannot resolve their disagreements about the scope and number of national-level depositions, the Government intends to promptly raise this issue with the Court.

Meanwhile, on November 2, 2022, the Department of Justice ("DOJ") advised this Office that an additional tranche of documents would be made available for production in this litigation. These documents consist of policy-level discovery produced in two family separation cases pending in the District of Arizona: C.M. v. United States, No. 19-cv-05217 (D. Ariz.); and A.P.F. v. United States, 20-cv-00065 (D. Ariz.) (the "Arizona Common Documents").[2] After learning of the existence of these documents, this Office promptly notified Plaintiffs and worked to expeditiously determine the volume of the production and how to produce those documents as soon as possible. Unfortunately, despite our best efforts to expedite processing and production of these documents, we have been informed by our database manager that the documents will not be production-ready until November 21, 2022, at the earliest.

---

[2] This will be a supplement to this Office's previous productions, which contained mostly Arizona Common Documents. The Arizona Common Documents concern national level policies, and therefore are being produced in several family separation cases around the country, including this one.

Moreover, DOJ advised that this Office will need to reproduce the entirety of the approximately 60,000 previously produced Arizona Common Documents to reflect subsequent modifications made in the Arizona litigations, including modified redactions, confidentiality redesignations, and some document claw backs. Our database manager advised that it will take until after November 21 to reproduce these documents due to the large data size and technical logistics.

The Government recognizes that this production schedule leaves Plaintiffs with very little time to review the new and modified Arizona Common Documents before taking Jurisdictional Discovery depositions. We also wish to avoid the possibility of having the depositions of government witnesses reopened if relevant documents are later identified in the new tranche which were not available at the time their testimony was taken. And a 30-day extension will have the added benefit of providing additional time for counsel to continue negotiating a resolution of their dispute regarding the scope of Jurisdictional Discovery without requiring court intervention. A brief extension will allow the parties to reassess the need for and number of national depositions after taking the RGV-specific depositions. At present, due to the current timing restraints if the extension is not granted, motion practice will almost certainly be necessary.

Accordingly, the parties respectfully request that the Jurisdictional Discovery fact discovery deadline be extended to January 30, 2023, with all DHS witnesses to be deposed by that date, as well as concomitant 30-day extensions of the jurisdictional briefing deadlines. We thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Carly Weinreb
CARLY WEINREB
MOLLIE KORNREICH
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2769/3274
E-mail: carly.weinreb@usdoj.gov
            mollie.kornreich@usdoj.gov

Cc:   All counsel (via ECF)

The Court appreciates this detailed update from the parties. In light of the parties' compelling explanation for seeking extensions of various deadlines, the Court grants a 30-day extension of the jurisdictional discovery deposition deadline, from December 30, 2022, to January 30, 2023; and a 45-day extension of the December 16, 2022, deadline for deposing any U.S. Department of Homeland Security witnesses to that same date. Briefing on the jurisdictional issue will then be due on February 27, 2023, and the parties' reply briefs will be due on March 20, 2023.

The Court briefly adjourns the case management conference currently scheduled for January 27, 2023, to February 6, 2023, at 10 a.m., to permit the parties to complete discovery before meeting with the Court.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
November 15, 2022