
*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 11, 2023

**By ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *D.J.C.V., et al. v. United States of America,* No. 20 Civ. 5747 (PAE)

Dear Judge Engelmayer:

      We respectfully submit this letter in response to plaintiffs' January 6, 2023 letter seeking a Court order compelling certain depositions in jurisdictional discovery in the above-referenced matter. (*See* ECF No. 147 ("Plaintiffs' Letter" or "Pls. Ltr.").)

      Plaintiffs' assertion that the Government has "refused to make national policy witnesses available" (Pls. Ltr. at 1) during this phase of limited discovery is simply not true. To answer the question of "which policy actually formed the basis of the Government's decision to initially separate G.C. from D.J.C.V." (*see* ECF No. 88 at 1-2), the Government has offered to make available for deposition two United States Customs and Border Patrol ("CBP") agents who worked during 2018 in the specific sector where plaintiffs were separated and were involved in the decision to separate them, as well as one of the national-level witnesses requested by plaintiffs, Matthew Roggow. In addition, the Government provided the transcript of the prior deposition of a second national-level witness who plaintiffs requested, Brian Hastings, and has agreed that plaintiffs can pose 15 additional written questions to this witness. For the reasons explained in more detail below, the additional national-level depositions that plaintiffs are demanding, including a Rule 30(b)(6) deposition, are not necessary to resolve the limited jurisdictional question at issue in this case.

**Background**

      The parties are engaged in jurisdictional discovery to "discern the reason for G.C.'s initial separation from D.J.C.V." (*See* ECF No. 127 at 48.) As the Court has explained, "if G.C.'s criminal history of domestic violence—to the exclusion of the 'Zero Tolerance' policy announced by the Attorney General on April 6, 2018—drove the initial decision to separate the [plaintiffs], the Government would be immune from suit under the FTCA." (*See* ECF No. 88 at 2.) Jurisdictional discovery is therefore "limited to material sufficient to reliably resolve the Government's claim that the separation of G.C. from D.C.J.V. was based upon G.C.'s criminal history, and not the executive policy of family separation alleged in the Complaint." *Id*.

      Under the July 2022 court-ordered discovery plan, plaintiffs' deadline to notice fact

depositions for jurisdictional discovery was October 15, 2022. (ECF No. 135 at 2.) On October 20, 2022, plaintiffs sent the Government a "preliminary list" of five individuals they wanted to depose, which included two witnesses specific to the CBP sector where plaintiffs were separated (the Rio Grande Valley or "RGV" Sector) and three national-level witnesses: Matthew Roggow ("Deputy Chief Roggow"), Meghann Peterlin ("Ms. Peterlin"), and Brian Hastings ("Chief Hastings").[1] On November 10, 2022, plaintiffs formally noticed the depositions of Ms. Peterlin and Deputy Chief Roggow. The Government informed plaintiffs that Ms. Peterlin is not a current Department of Homeland Security ("DHS") employee, and it provided her last known address on December 13, 2022.

On a November 2, 2022, call and in subsequent email correspondence, the Government explained its position that national-level witnesses without a nexus to plaintiffs or the RGV Sector are not well-positioned to speak to the policy and practice in the RGV Sector in 2018 and why the plaintiffs were separated. Nevertheless, in the spirit of compromise, the Government provided the transcript of a recent deposition of Chief Hastings from a different case involving family separation at the southern border, and the parties agreed that plaintiffs could ask Chief Hastings up to 15 additional written questions by January 3, 2023, in lieu of live testimony.[2] The Government further offered to produce Deputy Chief Roggow for a deposition if that would resolve the parties' disputes around the scope of depositions. Plaintiffs did not accept that offer and have not submitted any questions to Chief Hastings.

On December 9, 2022, plaintiffs noticed a Rule 30(b)(6) deposition of DHS, identifying 11 broad topics for examination. (*See* Pls. Ltr., Ex. A.) On December 20, 2022, plaintiffs offered to narrow these topics to two, as described in their January 6, 2023 letter. (*See* Pls. Ltr at 3.) On January 3, 2023, the Government informed Plaintiffs that it would not agree to a Rule 30(b)(6) deposition on these two topics.

**National-Level Depositions Will Not Resolve the Jurisdictional Question**

National-level policies regarding family separations at the southern border are not relevant to jurisdictional discovery except to the extent those policies were communicated to the RGV Sector and implemented there prior to plaintiffs' separation in early May 2018. The witnesses most knowledgeable regarding policies and practices in the RGV Sector during that time are those who worked in that Sector or otherwise have sector-specific knowledge. The Government has made those witnesses available for deposition. Plaintiffs' effort to obtain wide-ranging discovery on DHS policies not tailored to the decision to separate the plaintiffs is both inconsistent with this Court's discovery order and unreasonable. Their request therefore should be denied.

*Peterlin* – Plaintiffs' request to compel a deposition of Ms. Peterlin is premature because,

---

[1] Plaintiffs' October 20, 2022, email stated that they "reserve[d] the right to notice additional deponents, including potential 30(b)(6) witnesses for DHS/ORR, depending on the information provided through depositions and [their] continued review of the discovery materials."

[2] On November 15, 2022, the Court granted the parties' request for an extension of the time to complete jurisdictional discovery to January 30, 2022, in light of this Office learning from the Department of Justice of the existence of additional documents for production. (*See* ECF No. 145.) The Government produced these additional documents in December 2022, in addition to the over 60,000 documents that it had previously produced.

to the Government's knowledge, plaintiffs have not served her with a deposition subpoena. The Government does not currently have authority to accept a deposition subpoena on her behalf. But even if it could, plaintiffs have failed to explain what relevant jurisdictional information they hope to gain from deposing Ms. Peterlin. Plaintiffs point to CD-US-0040116 (Exhibit E to Plaintiffs' Letter) and CD-US-0056764 (Exhibit F to Plaintiffs' Letter) as indicative of Peterlin's knowledge. But neither suggests that Ms. Peterlin had any involvement in or knowledge of family separation policies in the RGV Sector in 2018.[3] Plaintiffs claim that Ms. Peterlin was involved in development of national-level policy and related "messaging" (Pls. Ltr. at 2), but they do not explain the relevance of any such knowledge to the question of what the policy and practice was in the RGV Sector at the time of plaintiffs' separation.

*Roggow* – The Government has agreed to make Deputy Chief Roggow available, provided plaintiffs withdraw their unreasonable demands to depose Ms. Peterlin and a Rule 30(b)(6) witness. However, Deputy Chief Roggow is also unlikely to have significant information regarding implementation of family separation policies in the RGV Sector beyond what plaintiffs will learn from employees in that Sector. Plaintiffs note that Deputy Chief Roggow gathered information regarding sector policy in early 2018, but they acknowledge that was "before Zero Tolerance was officially announced" and months before plaintiffs were separated. (Pls. Ltr. at 2.) In any event, his relevant knowledge will likely be largely duplicative of the information in the Hastings deposition transcript that plaintiffs already have.

*Rule 30(b)(6) Deposition* – Plaintiffs have not explained what non-duplicative information relating to jurisdictional discovery they hope to obtain through a Rule 30(b)(6) deposition on top of the individual depositions they are already taking.[4] The noticed Rule 30(b)(6) topics go beyond the scope of even proper merits discovery in this action,[5] and the two topics that plaintiffs proposed as a compromise are not relevant to the jurisdictional question and remain significantly overbroad. The first seeks information about policies and practices beyond those that would impact plaintiffs' separation, including post-separation coordination and policies implemented only in other sectors. (*See* Pls. Ltr. at 3.) The second topic is focused on "[d]evelopment and implementation of the DOJ's Zero Tolerance Policy" and coordination across federal agencies. This plainly goes beyond the question of why plaintiffs were separated.

In sum, the requested national-level depositions are duplicative and not appropriately tailored to the scope of jurisdictional discovery. Plaintiffs' motion should therefore be denied.

---

[3] Notably, CD-US-0056764 is an email exchange between Ms. Peterlin and Chief Hastings, whose deposition transcript plaintiffs have and who has agreed to answer up to 15 additional questions in writing.

[4] A Rule 30(b)(6) deposition notice "is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure" and "the information sought [must be] relevant and material to the allegations and claims at issue[.]" *Zurich Am. Ins. Co. v. Selective Ins. Co. of the Se.*, No. 22 Civ. 1315 (PAE), 2022 WL 16840234, at *1 (S.D.N.Y. Oct. 13, 2022) (internal citations and quotation marks omitted). The "topics should be proportional to the needs of the case [and] not unduly burdensome or duplicative." *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17 Civ. 4576 (GHW) (BCM), 2022 WL 2162992, at *3 (S.D.N.Y. May 31, 2022) (internal quotation marks omitted).

[5] For example, plaintiffs are seeking DHS testimony regarding CBP structure and employees "in each sector" (Topic No. 2); "development and implementation" of a "family separation pilot program" in the El Paso Sector (Topic No. 4); and "[d]ata collection and record-keeping by DHS, CBP, ICE, ORR, and DOJ in 2016, 2017, and 2018" (Topic No. 9), to highlight just some of the overbroad subject matter.

We thank the Court for its attention to this matter.

                                                  Respectfully Submitted,

                                                  DAMIAN WILLIAMS
                                                  United States Attorney

By:    /s/ *Mollie Kornreich*
          MOLLIE KORNREICH
          CARLY WEINREB
          Assistant United States Attorneys
          86 Chambers Street, Third Floor
          New York, New York 10007
          Tel.: (212) 637-3274/2769

cc: Plaintiffs' Counsel (By ECF)