UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.J.V.C., *et al.*,

                                      Plaintiffs,

                    -v-

UNITED STATES OF AMERICA,

                                      Defendant.

20 Civ. 5747 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the parties' letters at dockets 147 and 151, which concern a discovery dispute regarding the scope of deposition testimony to be taken of national-policy witnesses. The limited purpose of this discovery is to enable the Court to resolve the outstanding jurisdictional issue in this case, which turns on whether plaintiffs G.C. and D.J.C.V. were separated pursuant to the Zero Tolerance Policy or as a result of G.C.'s criminal history.

      District courts have broad discretion over jurisdictional discovery, and are charged with assuring that such is relevant, proportionate, and non-burdensome. *See DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17 Civ. 4576 (GHW) (BCM), 2022 WL 2162992, at *3 (S.D.N.Y. May 31, 2022); *Reich v. Lopez*, 38 F. Supp. 3d 436, 459 (S.D.N.Y. 2014). The Court here, in general, finds persuasive the Government's point that—while personnel who participated in the decision to separate the plaintiffs likely have relevant testimony—national-level witnesses without a nexus to plaintiffs' circumstances or to the RGV Sector in which plaintiffs were separated are unlikely to have probative evidence bearing on the narrow, and case-specific, jurisdictional issue at hand. Depositions of such personnel, absent a concrete showing of their factual relevance to that issue, runs a risk of generating testimony whose burdens well outweigh its benefits.

Nonetheless, in the interest of assuring plaintiffs an opportunity to test this proposition, the Court will authorize the two items of national-level testimony which the Government has offered as a compromise position: to wit, the testimony of Deputy Chief Matthew Roggow, which the Court understands would include testimony in a Rule 30(b)(6) capacity as to the two topics described in plaintiffs' January 6, 2023 letter, *see* Dkt. 147 at 3, and written testimonial responses by Chief Hastings in response to up to 15 questions.  The Court, however, does not authorize additional testimony from national-level personnel at this time, and does not presently expect to authorize any additional such testimony.[1]  In the event that the authorized discovery concretely reveals the existence of other evidence bearing on the basis (or bases) for G.C. and D.J.C.V.'s separation known to national-level personnel (*e.g.*, the involvement of such personnel in a separation decision as to plaintiffs), plaintiffs will be at liberty to seek additional national-level testimony.

The Court directs counsel promptly to confer to put in place a prompt schedule for such testimony.

The Court respectfully directs the Clerk of the Court to terminate the motion pending at docket 147.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 13, 2023
New York, New York

---

[1] For avoidance of doubt, this order is not intended to disturb any understandings counsel have reached as to areas of testimony not in dispute.  *See, e.g.*, Dkt. 147 n.1 (noting Government's agreement to allow, *inter alia*, the depositions of two line agents who dealt with the plaintiffs when they came into the United States).