

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

January 23, 2023

**By ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *D.J.C.V., et al. v. United States of America,* No. 20 Civ. 5747 (PAE)

Dear Judge Engelmayer:

      This Office represents defendant United States of America (the "Government") in the above-captioned action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, the Government writes respectfully to request reconsideration of the Court's January 13, 2023, Order, entered in response to the parties' discovery dispute, authorizing: (1) the deposition of U.S. Border Patrol ("USBP") Deputy Chief Matthew Roggow, to include fact testimony as well as Rule 30(b)(6) testimony on the two topics described in plaintiffs' January 6, 2023, letter, see ECF No. 147 at 3; and (2) written testimonial responses by USBP Chief Brian Hastings in response to up to 15 questions. See Order, dated Jan. 13, 2023 (ECF No. 152). The Government's reconsideration motion is limited to the part of the Order authorizing Rule 30(b)(6) testimony by Deputy Chief Roggow only. The Government respectfully submits that this portion of the Order was premised on the mistaken impression that the Government had previously consented to such testimony; the Government wishes to clarify that it has never agreed to any Rule 30(b)(6) testimony or topics. Accordingly, the Government respectfully requests vacatur of the 30(b)(6) portion of the Order.

      On January 6, 2023, plaintiffs filed a letter seeking to compel the depositions of national-level USBP witnesses Deputy Chief Roggow and Meghann Peterlin. See ECF No. 147. Plaintiffs also moved to compel Rule 30(b)(6) testimony on 11 broad topics. Thereafter, plaintiffs proposed limiting the Rule 30(b)(6) testimony to the following two topics:

1. Policies and practices in effect in 2016, 2017, and 2018 related to the age of the child, specifically children under age 5, in the context of family separation for any reason, including policies and practices to coordinate with ORR regarding placement and custody and communications with DHS, CBP, ICE, ORR, and DOJ employees and agents regarding implementation, including in the El Paso pilot program, the Rio Grande Valley sector, and other border offices.

2. Development and implementation of the DOJ's Zero Tolerance Policy, and DOJ

> coordination with DHS, CBP, ICE, and ORR related to the Zero Tolerance Policy, specifically, communications among DOJ, DHS, CBP, ICE and ORR employees and agents regarding implementation.

See id. at 3.

On January 11, 2023, the Government filed a response explaining that the requested national-level and Rule 30(b)(6) depositions were beyond the scope of jurisdictional discovery, which the Court "limited to material sufficient to reliably resolve the Government's claim that the separation of G.C. from D.C.J.V. was based upon G.C.'s criminal history, and not the executive policy of family separation alleged in the Complaint." See Letter Response, dated Jan. 11, 2023 (ECF No. 151) (citing ECF No. 88 at 2) at 1. With respect to Rule 30(b)(6) testimony in particular, the Government explained that the two topics proposed in plaintiffs' letter "are not relevant to the jurisdictional question and remain significantly overbroad." Id. at 3. "The first seeks information about policies and practices beyond those that would impact plaintiffs' separation," including information regarding practices that predated the separation by two years, information regarding post-separation coordination and policies, and information regarding the "El Paso pilot program" and "other border offices" outside of the RGV Sector. Id. The second topic, which seeks information on the "'[d]evelopment and implementation of the DOJ's Zero Tolerance Policy' and coordination across federal agencies" also "plainly goes beyond the question of why plaintiffs were separated." Id. For these reasons, the Government argued that "a Rule 30(b)(6) deposition [is] not necessary to resolve the limited jurisdictional question at issue" and advised the Court that it had previously informed plaintiffs "that it would not agree to a Rule 30(b)(6) deposition on these two topics." Id. at 1, 2.

Local Civil Rule 6.3 allows reconsideration of a court's order when, *inter alia*, a party identifies "the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). A motion for reconsideration "'is not a vehicle of relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"" Mexico Infrastructure Fin., LLC v. Corp. of Hamilton, No. 17 Civ. 6424 (VSB), 2020 WL 5646107, at *1 (S.D.N.Y. Sept. 21, 2020) (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P.U, 684 F.3d 36, 52 (2d Cir. 2012)). However, reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc., 684 F.3d at 52; see also Local Civil Rule 6.3 (motion shall set forth the "matters or controlling decisions which counsel believes the Court has overlooked"). Similarly, under Rule 60(b), a district court may "relieve" a party from the effects of an order for certain reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is available to correct mistakes of fact by the Court. See In re 310 Assocs., 346 F.3d 31, 34-35 (2d Cir. 2003). The moving party bears the burden of proof and the decision whether to grant the motion is within the Court's discretion. Sankara v. City of New York, No. 15-CV-6928 (VSB), 2019 WL 549018, at *2 (S.D.N.Y. Feb. 11, 2019).

In this action, the Government never agreed to Rule 30(b)(6) deposition testimony on any topic. The Government's January 11 letter advised the Court that "the Government informed Plaintiffs that it would not agree to a Rule 30(b)(6) deposition on these two topics."

ECF No. 151 at 2. As explained in that letter, these two topics are overbroad in both subject matter and time period given the limited scope of jurisdictional discovery, see ECF No. 88, are not limited to the questions of why plaintiffs were separated and what CBP officials in RGV Sector knew or thought at the time, and seek non-relevant information regarding other sectors (e.g., the El Paso pilot program) without any connection to D.J.C.V. or G.C. See ECF No. 151 at 3. The Court, however, ruled that it "will authorize the two items of national-level testimony *which the Government has offered as a compromise position*: to wit, the testimony of Deputy Chief Matthew Roggow, which the Court understands would include testimony in a Rule 30(b)(6) capacity as to the two topics described in plaintiffs' January 6, 2023 letter," and written testimony responses by Chief Hastings. Order at 2 (emphasis added). To the extent the Court authorized Rule 30(b)(6) testimony based on the mistaken impression that the Government had already agreed to those two topics, reconsideration is warranted and the Rule 30(b)(6) deposition should not be authorized. See Local Rule 6.3; Fed. R. Civ. P. 60(b)(1).

In the event that the Court were to deny the request for reconsideration, the Government respectfully requests that the Court narrow the two proposed 30(b)(6) topics as follows:

1. CBP policies and practices in effect between January 1, 2018, and May 2, 2018, in the RGV sector relating to family separations involving children under age 5 where one or more of the parents in the family unit has prior criminal history, including policies and practices to coordinate with HHS ORR regarding placement and custody of the child/children.

2. Whether and how the DOJ's Zero Tolerance Policy impacted CBP in the RGV sector between January 1, 2018 and May 2, 2018, including any coordination by CBP with DOJ, ICE, or ORR during that time period regarding the Zero Tolerance Policy.

The timeframe of January 1 to May 2, 2018, appropriately limits the topics to the months leading up to plaintiffs' separation on or about May 1, 2018. The revised topics also limit the scope to the RGV Sector, where plaintiffs were apprehended and processed, and facts specific to plaintiffs, such as prior criminal history. Moreover, the revised topics are solely directed to CBP, the agency that made the initial separation decision in this case.

Finally, to the extent Rule 30(b)(6) testimony is permitted, the Government also requests vacatur of the requirement that Deputy Chief Roggow serve as its Rule 30(b)(6) deponent. It is well-settled that "neither the court nor the noticing party can choose the [Rule 30(b)(6)] designee." In re Evenstar Master Fund SPC, No. 20MISC00418CSJCM, 2021 WL 3829991, at *14 (S.D.N.Y. Aug. 27, 2021), aff'd sub nom. In re Evenstar Master Fund SPC, No. 20-MC-418 (CS) (JCM), 2021 WL 5498283 (S.D.N.Y. Nov. 23, 2021); see also Wultz v. Bank of China Ltd., 298 F.R.D. 91, 99 (S.D.N.Y. 2014) (the court cannot order designation of a "specific" person). The Government never agreed to any Rule 30(b)(6) testimony or selected Deputy Chief Roggow as its 30(b)(6) witness and should be permitted to choose its own deponent(s).

Accordingly, for the reasons above, the Government respectfully requests reconsideration and vacatur of the part of the Order authorizing Rule 30(b)(6) testimony. We thank the Court for its attention to this matter.

          Respectfully Submitted,

          DAMIAN WILLIAMS
          United States Attorney

   By: /s/ *Carly Weinreb*
       CARLY WEINREB
       MOLLIE KORNREICH
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2769/3274

cc: Plaintiffs' Counsel (By ECF)