

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

May 4, 2023

**By ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *D.J.C.V., et al. v. United States of America,* No. 20 Civ. 5747 (PAE)

Dear Judge Engelmayer:

      This Office represents defendant United States of America (the "Government") in the above-referenced action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Consistent with the Protective Order entered by the Court on March 10, 2022 (ECF No. 112) and pursuant to Rule 4.B.2. of this Court's Individual Rules and Practices in Civil Cases, the Government respectfully seeks leave to file a redacted version of the parties' Joint Statement of Undisputed Facts ("SOF") on the public docket with an unredacted version filed under seal to protect confidential Government information relating to law enforcement interests and the safety and security of Government personnel and facilities.

      While judicial documents are accorded a presumption of public access, see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). *First,* the court must determine whether the documents at issue are "judicial documents." Id. (quoting Lugosch, 435 F.3d at 119) (internal quotation marks omitted). A document must be "relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." Id. (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)) (internal quotation marks omitted). *Second,* if the documents are judicial documents, the court must determine the "weight of the presumption" of public access. Id. "The presumption of access varies according to the nature of the judicial document to which access is sought" and is "strongest when the documents play a substantial role in determining litigant's substantial rights." Zhang Jingrong v. Chinese Anti-Cult World All., No. 15CIV1046SLTVMS, 2016 WL 11671639, at *2 (E.D.N.Y. June 2, 2016) (internal citations omitted); accord Mirlis v. Greer, 952 F.3d 51, 60 (2d Cir. 2020). "[D]ocuments that play no role in the performance of Article III functions, *such as those passed between the parties in discovery*, lie entirely beyond the presumption's reach." Stern, 529 F. Supp. 2d at 421 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)) (internal quotation marks omitted) (emphasis in original). Likewise, "information such as the names and other identifying

information of low-level employees is 'largely unrelated to the public interest,' and may properly be withheld." Open Soc'y Just. Initiative v. Trump, No. 20 CIV. 8121 (KPF), 2020 WL 6286318, at *2 (S.D.N.Y. Oct. 27, 2020) (citation omitted). *Third*, the court must weigh countervailing interests against the presumption. Stern, 529 F. Supp. 2d at 420. Countervailing factors include "the danger of impairing law enforcement or judicial efficiency," Amodeo, 71 F.3d at 1050, "public[] safety," Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017), the privacy interests of those resisting disclosure, Stern, 529 F. Supp. 2d at 420, and preservation of privileges, Under Seal, 273 F. Supp. 3d at 467.

The Government does not contest that the SOF is a judicial document, as it has been submitted in connection with the upcoming jurisdictional briefing arising from the Court's Opinion & Order on the Government's motion to dismiss. See Opinion & Order, dated June 3, 2022 (ECF No. 127); Order dated Apr. 27, 2023 (ECF No. 174).

However, the weight of the presumption of public access to the information that the Government seeks to redact is low. The Government proposes redacting the following categories of information from the SOF: (1) the U.S. Department of Homeland Security's ("DHS") law enforcement techniques and strategies for the enforcement of immigration law at the Southwest border, including the impact of resource limitations; (2) DHS's processes and procedures relating to the apprehension and detention of noncitizens entering the United States between ports of entry; (3) DHS's internal system codes, functionalities, and information on how to use law enforcement systems; (4) internal, non-public discussions of border security policy and public messaging by DHS personnel; and (5) the names of low-level DHS personnel who were not deposed in this action (together, the "Proposed Redactions").[1] These Proposed Redactions are narrowly tailored to protect legitimate Government interests and individual privacy and safety, do not concern Plaintiffs specifically, and will not play a "substantial role" in determining Plaintiffs' rights. See Zhang Jingrong, 2016 WL 11671639, at *2. The presumption of access to DHS employee names is particularly low given that this information is "largely unrelated to the public interest" and not necessary to adjudication of the jurisdictional dispute. See Open Soc'y Just. Initiative, 2020 WL 6286318, at *2. Moreover, because the parties have not yet filed their briefs, it is not known whether the parties will rely on any of the information contained in the Proposed Redactions to support their arguments. As such, the Proposed Redactions may very well lie "beyond the presumption's reach." Stern, 529 F. Supp. 2d at 421.

Finally, there are several important countervailing interests supporting nondisclosure. The Proposed Redactions largely concern law enforcement procedures and techniques surrounding immigration enforcement at the Southwest border. If this information is made public, it risks circumvention of the law by bad actors which could compromise border security and impede the Government's immigration enforcement efforts. See Under Seal, 273 F. Supp. 3d at 467 ("public safety" concerns may overcome presumption of access); Amodeo, 71 F.3d at 1050 (impairment of law enforcement is a countervailing factor). Disclosure of this information also creates security risks for DHS's information systems. Cf. Bishop v. U.S. Dep't of Homeland Sec., 45 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (in FOIA context, upholding redaction of U.S. Customs and Border Protection ("CBP") database information to avoid potential

---

[1] The Proposed Redactions are highlighted on the unredacted version of the SOF which was filed under seal, and are applied on the redacted version of the SOF filed at ECF No. 176.

circumvention of CBP procedures).

In addition, the identities of Government personnel who were not deposed in this action, which are not probative to the jurisdictional issue, should remain confidential to safeguard their privacy, safety, and security. See Massey v. F.B.I., 3 F.3d 620, 624 (2d Cir. 1993), abrogated by Milner v. Dep't of Navy, 562 U.S. 562 (2011) ("[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names."). Witness safety is a particular concern here, as the Zero Tolerance Policy has been the subject of intense public scrutiny and has unfortunately prompted threats and acts of violence against DHS employees. See, e.g., Miroff, Nick, "DHS warns threats against staff are rising amid anger over Trump immigration policies," June 26, 2018, THE WASHINGTON POST, *available at* https://www.washingtonpost.com/world/national-security/dhs-warns-threats-against-staff-are-rising-amid-anger-over-trump-immigration-policies/2018/06/26/91f81f76-794a-11e8-8df3-007495a78738_story.html; Farzan, Antonia Noori, "He offered $500 on Twitter to anyone who killed an ICE agent. He was joking, a jury ruled," Dec. 9, 2019, THE WASHINGTON POST, *available at* https://www.washingtonpost.com/nation/2019/12/09/brandon-ziobrowski-ice-agent-twitter-threat/. In light of these risks, the U.S. Office of Personnel Management ("OPM") Data Release Policy mandates the withholding of names and other personally identifying information of U.S. Immigration & Customs Enforcement ("ICE") and CBP employees. See OPM Data Release Policy, Nov. 2018, *available at* https://www.opm.gov/policy-data-oversight/data-analysis-documentation/data-policy-guidance/data-standards/data-release-policy-november-2018.pdf. Accordingly, the names of non-party DHS employees should be redacted. See, e.g., Conti v. U.S. Dep't of Homeland Sec., No. 12 CIV. 5827 AT, 2014 WL 1274517, at *21 (S.D.N.Y. Mar. 24, 2014) (approving redaction of DHS employees' names to the extent not already publicly disclosed); Rowe v. Google LLC, No. 19 CIV. 8655 (LGS), 2022 WL 4467628, at *4 (S.D.N.Y. Sept. 26, 2022) (approving redaction of non-party employee's name which was not probative); Hunter v. City & Cnty. of San Francisco, No. 11-4911 JSC, 2013 WL 2319064, at *2 (N.D. Cal. May 28, 2013) ("The Court nevertheless concludes that the identity of the Deputy should remain confidential given that it lacks any probative value in this context . . . .").

The Government submits that there is good cause for the Proposed Redactions and respectfully requests that the Court grant the Government's motion to file the SOF under seal. Plaintiffs consent to the Proposed Redactions in the SOF. I thank the Court for its consideration.

Respectfully,

Granted.  SO ORDERED.

DAMIAN WILLIAMS
United States Attorney

By:    /s/ Carly Weinreb
       CARLY WEINREB
       MOLLIE KORNREICH
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2769/3274

_____
PAUL A. ENGELMAYER
United States District Judge
May 5, 2023