

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 1, 2023

**By ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *D.J.C.V., et al. v. United States of America,* No. 20 Civ. 5747 (PAE)

Dear Judge Engelmayer:

This Office represents defendant United States of America (the "Government") in the above-referenced action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Consistent with the Protective Order entered by the Court on March 10, 2022 (ECF No. 112), the Government respectfully seeks leave to file redacted versions of the following documents on the public docket in this case, with unredacted versions filed under seal: (1) the Government's Memorandum of Law in Further Support of its Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) the Declaration of Monique Grame and its supporting exhibits; (3) the Declaration of Johnny Cavazos and its supporting exhibits; (4) the declaration of Leonor Mecal and its supporting exhibits; (5) the Declaration of Robert Guadian and its supporting exhibits; (6) the Declaration of Mollie Kornreich and its supporting exhibits; and (7) a second Declaration of Monique Grame and its supporting exhibits (together, the "Materials"). These documents contain confidential Government information relating to law enforcement interests and the safety and security of Government personnel and facilities, as well as confidential personal information relating to the Plaintiffs and individuals who are not parties to this action. The Government further respectfully requests an extension until Tuesday, June 6, 2023, of the deadline to file the redacted versions of the Materials on the public docket and provide the Court with unredacted versions of the Materials with the proposed redactions highlighted, in order to allow Government counsel sufficient time to consult with the various Government stakeholders and properly implement the proposed redactions. Counsel for Plaintiffs consents to the extension request.

While judicial documents are accorded a presumption of public access, see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). *First*, the court must determine whether the documents at issue are "judicial documents." Id. (quoting Lugosch, 435 F.3d at 119) (internal quotation marks omitted). A document must be "relevant to the performance of the judicial function and useful in the judicial process in order for

it to be designated a judicial document." Id. (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)) (internal quotation marks omitted). *Second*, if the documents are judicial documents, the court must determine the "weight of the presumption" of public access. Id. "The presumption of access varies according to the nature of the judicial document to which access is sought" and is "strongest when the documents play a substantial role in determining litigant's substantial rights." Zhang Jingrong v. Chinese Anti-Cult World All., No. 15 Civ. 1046(SLT)(VMS), 2016 WL 11671639, at *2 (E.D.N.Y. June 2, 2016) (internal citations omitted); accord Mirlis v. Greer, 952 F.3d 51, 60 (2d Cir. 2020). "[D]ocuments that play no role in the performance of Article III functions, *such as those passed between the parties in discovery*, lie entirely beyond the presumption's reach." Stern, 529 F. Supp. 2d at 421 (quoting Amodeo, 71 F.3d at 1050) (internal quotation marks omitted) (emphasis in original). Likewise, "information such as the names and other identifying information of low-level employees is 'largely unrelated to the public interest,' and may properly be withheld." Open Soc'y Just. Initiative v. Trump, No. 20 CIV. 8121 (KPF), 2020 WL 6286318, at *2 (S.D.N.Y. Oct. 27, 2020) (citation omitted). *Third*, the court must weigh countervailing interests against the presumption. Stern, 529 F. Supp. 2d at 420. Countervailing factors include "the danger of impairing law enforcement or judicial efficiency," Amodeo, 71 F.3d at 1050, "public[] safety," Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017), the privacy interests of those resisting disclosure, Stern, 529 F. Supp. 2d at 420, and preservation of privileges, Under Seal, 273 F. Supp. 3d at 467.

The Government acknowledges that the Materials are judicial documents, as they are submitted in further support of the Government's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1). However, the weight of the presumption of public access to the information that the Government seeks to redact is low. The Government proposes redacting the following categories of information from the Redacted Material: (1) the U.S. Department of Homeland Security's ("DHS") law enforcement techniques and strategies for the enforcement of immigration law at the Southwest border, including the impact of resource limitations; (2) DHS's processes and procedures relating to the apprehension and detention of noncitizens entering the United States between ports of entry; (3) DHS's internal system codes, functionalities, and information on how to use law enforcement systems; (4) internal, non-public discussions of border security policy and public messaging by DHS personnel; (5) the names of low-level DHS personnel who were not deposed in this action; and (5) the full names and other personal information of the Plaintiffs and personal information regarding other individuals who appear in DHS records but are not parties to this action (together, the "Proposed Redactions").[1] These Proposed Redactions are narrowly tailored to protect legitimate Government interests and individual privacy and safety, and will not play a "substantial role" in determining Plaintiffs' rights. See Zhang Jingrong, 2016 WL 11671639, at *2. The presumption of access to DHS employee names is particularly low given that this information is "largely unrelated to the public interest" and not necessary to adjudication of the jurisdictional dispute. See Open Soc'y Just. Initiative, 2020 WL 6286318, at *2.

Finally, there are several important countervailing interests supporting nondisclosure. The Proposed Redactions largely concern law enforcement procedures and techniques surrounding immigration enforcement at the Southwest border. If this information is made public, it risks

---

[1] The Government proposes that it be permitted to file the Materials under seal with the Proposed Redactions highlighted by June 6, 2023, as well as redacted versions on the public docket by that date.

circumvention of the law by bad actors which could compromise border security and impede the Government's immigration enforcement efforts. See Under Seal, 273 F. Supp. 3d at 467 ("public safety" concerns may overcome presumption of access); Amodeo, 71 F.3d at 1050 (impairment of law enforcement is a countervailing factor). Disclosure of this information also creates security risks for DHS's information systems. Cf. Bishop v. U.S. Dep't of Homeland Sec., 45 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (in FOIA context, upholding redaction of U.S. Customs and Border Protection ("CBP") database information to avoid potential circumvention of CBP procedures).

In addition, the identities of Government personnel who were not deposed in this action, which are not probative to the jurisdictional issue, should remain confidential to safeguard their privacy, safety, and security. See Massey v. F.B.I., 3 F.3d 620, 624 (2d Cir. 1993), abrogated by Milner v. Dep't of Navy, 562 U.S. 562 (2011) ("[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names."). Witness safety is a particular concern here, as the Zero Tolerance Policy has been the subject of intense public scrutiny and has unfortunately prompted threats and acts of violence against DHS employees. See, e.g., Miroff, Nick, "DHS warns threats against staff are rising amid anger over Trump immigration policies," June 26, 2018, THE WASHINGTON POST, *available at* https://www.washingtonpost.com/world/national-security/dhs-warns-threats-against-staff-are-rising-amid-anger-over-trump-immigration-policies/2018/06/26/91f81f76-794a-11e8-8df3-007495a78738_story.html). In light of these risks, the U.S. Office of Personnel Management ("OPM") Data Release Policy mandates the withholding of names and other personally identifying information of U.S. Immigration & Customs Enforcement ("ICE") and CBP employees. See OPM Data Release Policy, Nov. 2018, *available at* https://www.opm.gov/policy-data-oversight/data-analysis-documentation/data-policy-guidance/data-standards/data-release-policy-november-2018.pdf. Accordingly, the names of non-party DHS employees should be redacted. See, e.g., Conti v. U.S. Dep't of Homeland Sec., No. 12 CIV. 5827 (AT), 2014 WL 1274517, at *21 (S.D.N.Y. Mar. 24, 2014) (approving redaction of DHS employees' names to the extent not already publicly disclosed); Rowe v. Google LLC, No. 19 CIV. 8655 (LGS), 2022 WL 4467628, at *4 (S.D.N.Y. Sept. 26, 2022) (approving redaction of non-party employee's name which was not probative); Hunter v. City & Cnty. of San Francisco, No. 11-4911 JSC, 2013 WL 2319064, at *2 (N.D. Cal. May 28, 2013) ("The Court nevertheless concludes that the identity of the Deputy should remain confidential given that it lacks any probative value in this context . . . .").

The Government submits that there is good cause for the Proposed Redactions and respectfully requests that the Court grant (1) the Government's motion to file the Materials under seal, and (2) the Government's request for an extension of time until Tuesday, June 6, 2023, to file the redacted versions of the Materials on the public docket and provide the Court with unredacted versions of the Materials with the proposed redactions highlighted.

We thank the Court for its consideration of these requests.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By:   /s/ *Mollie Kornreich*
MOLLIE KORNREICH
CARLY WEINREB
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274/2769

cc: Plaintiffs' counsel (by ECF)

The Court grants the Government's request to file unredacted versions of the above documents under seal. The Court orders the Government to file redacted versions of those documents on the public docket by June 6, 2023.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
June 2, 2023