

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

June 23, 2023

**By ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *D.J.C.V., et al. v. United States of America,* No. 20 Civ. 5747 (PAE)

Dear Judge Engelmayer:

This Office represents defendant United States of America (the "Government") in the above-referenced action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Consistent with the Protective Order entered by the Court on March 10, 2022 (ECF No. 112) and pursuant to Rule 4.B.2. of this Court's Individual Rules and Practices in Civil Cases, the Government respectfully seeks leave to file redacted versions of the following documents on the public docket in this case, with unredacted versions filed under seal: (1) the Government's Memorandum of Law in Response to Plaintiffs' Memorandum of Law in Further Opposition to Defendant's Motion to Dismiss the Complaint, and (2) Exhibit A to the Declaration of Carly Weinreb (collectively, the "Documents"). These Documents contain confidential Government information relating to law enforcement interests, which might be impaired by disclosure.

While judicial documents are accorded a presumption of public access, see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." Stern v. Cosby, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). *First*, the court must determine whether the documents at issue are "judicial documents." Id. (quoting Lugosch, 435 F.3d at 119) (internal quotation marks omitted). A document must be "relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." Id. (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)) (internal quotation marks omitted). *Second*, if the documents are judicial documents, the court must determine the "weight of the presumption" of public access. Id. "The presumption of access varies according to the nature of the judicial document to which access is sought" and is "strongest when the documents play a substantial role in determining litigant's substantial rights." Zhang Jingrong v. Chinese Anti-Cult World All., No. 15 Civ. 1046(SLT)(VMS), 2016 WL 11671639, at *2 (E.D.N.Y. June 2, 2016) (internal citations omitted); accord Mirlis v. Greer, 952 F.3d 51, 60 (2d Cir. 2020). *Third*, the court must weigh countervailing interests against the presumption. Stern, 529 F. Supp. 2d at 420. Countervailing factors include "the danger of impairing law enforcement," Amodeo, 71 F.3d at 1050, and "public[] safety," Under

Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017).

The Government acknowledges that the Documents are judicial documents. However, the weight of the presumption of public access to the information that the Government seeks to redact is low. The Government proposes redacting certain deposition testimony relating to United States Border Patrol practices regarding the processing of noncitizens. The proposed redactions are narrowly tailored to protect legitimate Government interests, and will not play a "substantial role" in determining Plaintiffs' rights. See Zhang Jingrong, 2016 WL 11671639, at *2. Finally, there are important interests supporting nondisclosure. The proposed redactions concern law enforcement procedures surrounding immigration enforcement at the Southwest border. If this information is made public, it risks impeding the Government's immigration enforcement efforts. See Under Seal, 273 F. Supp. 3d at 467 ("public safety" concerns may overcome presumption of access); Amodeo, 71 F.3d at 1050 (impairment of law enforcement is a countervailing factor).

The Government submits that there is good cause for the proposed redactions and respectfully requests that the Court grant the Government's motion to file the unredacted Documents under seal. We thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By:   /s/ Mollie Kornreich
MOLLIE KORNREICH
CARLY WEINREB
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274/2769

cc: Plaintiffs' counsel (by ECF)

---

Granted. The Court accepts the Government's unredacted brief and supporting exhibit as filed under seal, and the redacted versions as filed publicly on the docket of the above-captioned case. SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
June 26, 2023