

Via ECF                                                                                                                 July 7, 2023
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *D.J.C.V., et al. v. United States of America,* No. 20 Civ. 5747 (PAE)

Dear Judge Engelmayer,

      Plaintiffs respectfully submit this response to the government's July 6, 2023 letter regarding record authority for the contention that plaintiffs G.C. and D.J.C.V. could not be housed together in U.S. Immigration and Customs Enforcement ("ICE") detention.

      The government does not produce a relevant policy. Instead, it relies on a single sentence from the declaration of ICE 30(b)(6) deponent Robert Guadian stating that: "none of the [family residential centers ("FRCs")] would have been able to accept a family unit that included a father with a criminal history involving violence, such as G.C." Guadian Decl. ¶ 17. This statement is unsupported by corroborative documents[1] and is contradicted by other evidence in the record. The declaration of Manoj Govindaiah, submitted in the *Ms. L v. ICE* litigation and discussed during oral argument, documents specific instances from 2018 in which parents with criminal histories, including one parent with an outstanding warrant for armed robbery, were detained with their children in ICE custody[2] at the Karnes County Residential Center. ECF No. 87-4.

      In any case, ICE never had an opportunity to make a family custody decision for G.C. and D.J.C.V. According to Guadian, ICE was not notified when U.S. Border Patrol ("USBP") separated families until August 2018. York Decl. Ex. 40 at 31-32; 43-45 (discussing ICE's non-involvement in USBP decision-making about separations.). Thus, questions pertaining to ICE's conduct are relevant only to the merits and were not the subject of jurisdictional discovery.

                                                                         Respectfully submitted,

                                                                      */s/ Rayza B. Goldsmith*
                                                                      Rayza B. Goldsmith
                                                                      Meena Roldan Oberdick
                                                                      Attorneys for Plaintiffs
                                                                      LatinoJustice PRLDEF
                                                                      475 Riverside Drive., Suite #1901
                                                                      New York, New York 10115

---

[1] Conclusory statements are inadequate to sustain the government's argument. *See, e.g., J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir.2004).

[2] FRCs are secure ICE facilities. Pl. Response Br. at 23 n.8 (quoting *Flores v. Sessions*, 394 F.Supp. 3d 1041, 1069–70 (C.D. Cal. 2017), aff'd sub nom. *Flores v. Barr*, 934 F.3d 910, 912 (9th Cir. 2019)); ECF No. 87-4.