UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.J.C.V., minor child, and G.C., his father

                             Plaintiffs,        :    1:20-Civ-5747 (PAE)

-v-

UNITED STATES OF AMERICA

                             Defendant.   :    CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case **is not** to be tried to a jury pursuant to the requirements of the Federal Tort Claims Act, 28 U.S.C. § 2402.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

4. The Parties agree that initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served no later than **14 days** from the date of this Order.

5. All remaining discovery shall be completed no later than **120 days** after the filing of the Government's Answer to the Complaint.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    (a) Any additional requests for depositions, production of documents, and/or interrogatories will be served **30 days** after the filing of the Government's Answer to the Complaint. Any additional Requests for Admission shall be served by **30 days** before the discovery deadline set forth in Paragraph 5.

1

(b) All expert discovery shall be completed within the 120-day period outlined in Paragraph 5.

(c) No later than **14 days** after the Government files an Answer to the Complaint, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 5.

7. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of discovery.

8. All counsel must meet face-to-face for at least one hour to discuss settlement within **14 days** following the close of discovery.

9. Counsel for Plaintiffs and the Government are discussing potential avenues for settlement. Although there is presently no agreement, the Parties will continue to engage in settlement discussions as feasible. Counsel will file a request for a settlement conference as appropriate, if they believe such conference might result in resolution of the case, in accordance with the Court's individual practices. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

10. The Final Pretrial Order date is **30 days** following the close of discovery. By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. This action is to be tried to the Court, and proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is **1 week.**

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

12. [Other]

13. The next Case Management Conference is scheduled for *February 5, 2024, at 3 p.m.*

Unless otherwise indicated, the Case Management Conference will be held **telephonically**. The parties should call into the Court's dedicated conference line at **(888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key.** Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

---

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: *Sept. 5, 2023*
New York, New York