DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  MOLLIE KORNREICH
       CARLY WEINREB
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274/2769
mollie.kornreich@usdoj.gov
carly.weinreb@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.J.C.V., a minor child, and G.C., his father,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 20 Civ. 5747 (PAE)<br><br>**ANSWER** |

Defendant United States of America ("United States"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, answers the Complaint, ECF No. 1, filed on July 24, 2020, by Plaintiffs D.J.C.V. and G.C. (collectively, "Plaintiffs") upon information and belief as follows:

**INTRODUCTION[1]**

1.      President Biden has denounced the prior practice of separating children from their families at the United States-Mexico border, condemned the human tragedy that occurred, and established a task force to continue efforts to reunify families who had been separated. The United States denies the allegations in paragraph 1. To the extent the allegations in paragraph

_____

[1] The United States repeats the headings from Plaintiffs' Complaint for ease of reference, without admission of any allegations contained therein.

1 purport to summarize or find support in a report from the Office of Inspector General for the U.S. Department of Health and Human Services, OEl-09-18-00431, the United States respectfully refers the Court to that report for its complete and accurate contents.[2]

2.      The United States admits upon information and belief that Plaintiffs' country of origin is Honduras and denies the remaining allegations in paragraph 2. The United States respectfully refers the Court to the cited U.S. Government Accountability Office Report for a complete and accurate statements of its contents.

3.      The United States denies the allegations in paragraph 3 and respectfully refers the Court to *Ms. L. v. U.S. Immigration and Customs Enforcement* [hereinafter, "*Ms. L.*"], 310 F. Supp. 3d 1133, 1137 (S.D. Cal. 2018), for a complete and accurate statement of the contents of that opinion and the injunction referenced in paragraph 3.

4.      The United States admits that according to the July 31, 2023, Interim Progress Report by the Interagency Task Force on the Reunification of Families, *available at* https://www.dhs.gov/sites/default/files/2023-08/23_0731_osec_july_2023_frtf_interim_progress_report_final.pdf, at least 3,932 children were separated from their families at the United States-Mexico border in connection with the operation of the Zero-Tolerance Policy. The United States denies the remaining allegations in paragraph 4. To the extent the allegations in paragraph 4 purport to summarize representations made by the defendants in *Ms. L.*, No. 18 Civ. 428 (DMS) (S.D. Cal. Sept. 9, 2019), ECF Nos.

---

[2] The Complaint includes 91 footnotes. Most of these footnotes consist of citations to cases, media articles, and government reports. To the extent these footnotes appear to be cited solely in support of a factual allegation, the citation to the source underlying the factual allegation is not in itself an allegation requiring a response. However, to the extent a footnote contains a factual allegation or quotes a source in a manner requiring a response as to its truth or accuracy, or specifically describes the findings or conclusions of a cited source, the United States will answer those allegations as part of the specific paragraph in which the footnote is included.

465, 511, or in the other cited government reports, the United States respectfully refers the Court to those materials for their complete and accurate contents and denies the allegations in paragraph 4 to the extent they are inconsistent with the contents of those materials.

5.      The United States denies the allegations in paragraph 5. To the extent the allegations in paragraph 5 purport to summarize or find support in the materials cited in footnote 5 of the Complaint, the United States respectfully refers the Court to those materials for their complete and accurate contents.

6.      The United States admits that Plaintiff G.C. filed a petition for a writ of habeas corpus in the Southern District of New York, and that the Honorable Judge Alvin Hellerstein ordered Plaintiffs' reunification in that action. The United States respectfully refers the Court to G.C.'s petition for a writ of habeas corpus, 18 Civ. 9115 (AKH), ECF No. 1 ("Habeas Petition"), and Judge Hellerstein's Order, *D.J.C.V. v. U.S. Immigration & Customs Enft.*, No. 18 Civ. 9115 (AKH), 2018 WL 10436675 (S.D.N.Y. Oct. 15, 2018), for their complete and accurate contents, and denies the allegations in paragraph 6 to the extent they are inconsistent with the contents of the Habeas Petition and subsequent court Order. The United States denies the last sentence of paragraph 6 and respectfully refers the Court to the transcript of the October 15, 2018 hearing before Judge Hellerstein for its complete and accurate contents.

7.      The United States denies the first sentence of paragraph 7. The second sentence of paragraph 7 relates to Counts IV, V, and VI of the Complaint, which have been dismissed, *see D.J.C.V. v. United States of America*, 20 Civ. 5774 (PAE), ECF No. 127 (S.D.N.Y. June 3, 2022) ("June 2022 Decision"), and therefore no response is required. To the extent a response is deemed required, the United States denies the allegations in the second sentence of paragraph 7 and respectfully refers the Court to the cited U.N. Human Rights Council report for a complete

and accurate statement of its contents.

8.      The United States admits that G.C. and D.J.C.V. were separated from on or about May 2, 2018, through October 15, 2018, and that D.J.C.V. was held in the custody of the Office of Refugee Resettlement of the Department of Health and Human Services ("ORR") at various locations in New York during this period, while G.C. was in U.S. Immigration and Customs Enforcement ("ICE") custody at various facilities, including in Goshen, New York. The United States otherwise denies the allegations in paragraph 8.

9.      The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 9. The United States denies the allegations in the last sentence of paragraph 9.

10.     Paragraph 10 consists of conclusions of law, to which no response is required. Further, the last sentence of paragraph 10 relates to Counts IV, V, and VI of the Complaint, which have been dismissed, *see* June 2022 Decision, and on that basis as well no response is required. To the extent a response is deemed required, the United States denies the allegations in paragraph 10.

11.     Paragraph 11 consists of Plaintiffs' characterization of their claims, to which no response is required. To the extent a response is deemed required, the United States admits that Plaintiffs filed this action purporting to bring claims under the Federal Tort Claims Act ("FTCA") and Alien Tort Statute ("ATS"), and otherwise denies the allegations in paragraph 11.

## JURISDICTION AND VENUE

12.     Paragraph 12 consists of legal conclusions, to which no response is required.

13.     The United States admits that the United States Department of Homeland Security ("DHS") received administrative claims from Plaintiffs on or about November 21,

2019, and that the United States Department of Health and Human Services ("HHS") received administrative claims from Plaintiffs on or about July 29, 2019. The United States denies knowledge or information sufficient to form a belief as the truth of the allegation that Plaintiffs submitted these claims on July 26, 2019. The United States admits that, at the time the Complaint was filed, neither agency had made a final disposition on Plaintiffs' administrative claims, and six months had passed since DHS and HHS received the claims. The remainder of the second and third sentences of paragraph 13 consist of legal conclusions, to which no response is required.

14.      The first sentence of paragraph 14 consists of legal conclusions, to which no response is required. With respect to the second and third sentences in paragraph 14, the United States admits that G.C. was detained in Orange County Jail, in Goshen, New York, and that D.J.C.V. was in the custody of Lutheran Social Services of New York in New York, and the United States otherwise denies the allegations.

## PARTIES

15.      The United States admits upon information and belief that Plaintiffs are from Honduras, that G.C. was born on ███████ 1980, and that G.C. is the father of D.J.C.V., and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16.       The United States admits on information and belief that D.J.V.C. was born on ███████ 2016, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.      Paragraph 17 consists of legal conclusions, to which no response is required.

18.      Paragraph 18 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in paragraph 18 are vague, and the

United States denies them on that basis.

19.     The United States admits that it separated Plaintiffs while they were in DHS custody and that DHS employees are responsible for supervising and managing detained individuals at U.S. Customs and Border Protection and ICE facilities. The United States denies the remaining allegations in paragraph 19.

20.     The United States admits that HHS has responsibility for the "care and placement of unaccompanied alien children who are in [f]ederal custody by reason of their immigration status," 6 U.S.C. §§ 279(a), (b)(1)(A), (b)(1)(C); *see also* 8 U.S.C. § 1232(b)(1), including at facilities in New York.

21.     The allegations in paragraph 21 are vague, and the United States denies them on that basis.

## STATEMENT OF FACTS

### A.     The Trump Administration's Family Separation Policy

#### 1.     The Development of the Separation Policy and Its Intent to Deter Future Central American Asylum Seekers

22.     The allegations in paragraph 22 relate to an alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," *D.J.C.V. v. United States of America*, 20 Civ. 5747 (PAE), ECF No. 241 ("August 2023 Decision") at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018 (the "First Period of Separation"), *id*. at 44, the allegations in paragraph 22 do not relate to Plaintiffs' remaining claims and no response is required.

23.     The allegations in paragraph 23 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy,

drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'
claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations
in paragraph 23 do not relate to Plaintiffs' remaining claims and no response is required.

24.     The allegations in paragraph 24 relate to the alleged family separation policy. In
light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy,
drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'
claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations
in paragraph 24 do not relate to Plaintiffs' remaining claims and no response is required.

25.     The allegations in paragraph 25 relate to the alleged family separation policy. In
light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy,
drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'
claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations
in paragraph 25 do not relate to Plaintiffs' remaining claims and no response is required.

26.     The allegations in paragraph 26 relate to the alleged family separation policy. In
light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy,
drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'
claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations
in paragraph 26 do not relate to Plaintiffs' remaining claims and no is required.

27.     The allegations in paragraph 27 relate to the alleged family separation policy. In
light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy,
drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'
claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations
in paragraph 27 do not relate to Plaintiffs' remaining claims and no response is required.

28.     The allegations in paragraph 28 relate to alleged "prosecution and separation policies." In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 28 do not relate to Plaintiffs' remaining claims and no response is required.

29.     The allegations in paragraph 29 relate to the alleged family separation policy and an alleged "Zero Tolerance" policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 29 do not relate to Plaintiffs' remaining claims and no response is required.

30.     The allegations in paragraph 30 relate to the alleged "zero tolerance policy" and "family separation policies." In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 30 do not relate to Plaintiffs' remaining claims and no response is required.

31.     The allegations in paragraph 31 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 31 do not relate to Plaintiffs' remaining claims and no response is required.

32.     The allegations in paragraph 32 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 32 do not relate to Plaintiffs' remaining claims and no response is required.

33.     The allegations in paragraph 33 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 33 do not relate to Plaintiffs' remaining claims and no response is required.

34.     The allegations in paragraph 34 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 34 do not relate to Plaintiffs' remaining claims and no response is required.

35.     The allegations in paragraph 35 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 35 do not relate to Plaintiffs' remaining claims and no response is required.

36.     The allegations in paragraph 36 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'

claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 36 do not relate to Plaintiffs' remaining claims and no response is required.

37.     The allegations in paragraph 37 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 37 do not relate to Plaintiffs' remaining claims and no response is required.

38.     The allegations in paragraph 38 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 38 do not relate to Plaintiffs' remaining claims and no response is required.

## 2.  The Implementation of the Separation Policy and the Failure and Refusal to Reunify

39.     The allegations in paragraph 39 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 39 do not relate to Plaintiffs' remaining claims and no response is required.

40.     The allegations in paragraph 40 relate to conditions of detention at immigration detention facilities near the U.S.-Mexico border during the First Period of Separation. In light of the Court's dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, August 2023 Decision at 44, the allegations in paragraph 40 do not relate to Plaintiffs' remaining claims and no response is required.

41.     The allegations in paragraph 41 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 41 do not relate to Plaintiffs' remaining claims and no response is required.

42.     The allegations in paragraph 42 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 42 do not relate to Plaintiffs' remaining claims and no response is required.

43.     The allegations in paragraph 43 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 43 do not relate to Plaintiffs' remaining claims and no response is required.

44.     The allegations in paragraph 44 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 44 do not relate to Plaintiffs' remaining claims and no response is required.

45.     The allegations in paragraph 45 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs'

claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 45 do not relate to Plaintiffs' remaining claims and no response is required.

46.     The allegations in paragraph 46 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 46 do not relate to Plaintiffs' remaining claims and no response is required.

47.     The allegations in paragraph 47 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 47 do not relate to Plaintiffs' remaining claims and no response is required.

48.     The allegations in paragraph 48 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 48 do not relate to Plaintiffs' remaining claims and no response is required.

49.     The allegations in paragraph 49 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 49 do not relate to Plaintiffs' remaining claims and no response is required.

50.     The allegations in the first sentence of paragraph 50 relate to the alleged family

separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in the first sentence of paragraph 50 do not relate to Plaintiffs' remaining claims and no response is required. The last sentence of paragraph 50 consists of a legal conclusion to which no response is required. To the extent a response is deemed required, the United States respectfully refers to Court to the cited statute, 6 U.S.C. § 279(a), for its complete and accurate contents regarding the responsibilities of ORR with respect to unaccompanied alien children.

51.    The United States admits that some minors classified as unaccompanied alien children were placed in foster home settings, some of which were foster care services run by religious organizations. The United States denies the remaining allegations in paragraph 51, and respectfully refers the Court to the cited interview transcript for its complete and accurate contents regarding former White House Chief of Staff John Kelly's statements.

52.    The allegations in paragraph 52 quote or summarize news articles regarding conditions at government  facilities. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 drawn from these third-party accounts, and respectfully refers the Court to the news articles cited in footnotes 46 through 50 for their complete and accurate contents.

53.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.    The United States denies knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 55. The United States respectfully refers the Court to the DHS Office of Inspector General ("DHS OIG") Report cited in footnote 51 for its complete and accurate contents.

56.     The United States denies the allegations in paragraph 56.

57.     The United States denies the allegations in paragraph 57 and respectfully refers the Court to the cited DHS OIG Report for a complete and accurate statement of its contents.

58.     The allegations in paragraph 58 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 58 do not relate to Plaintiffs' remaining claims and no response is required.

59.     The allegations in paragraph 59 are vague, and the United States denies them on that basis. The United States respectfully refers the Court to the cited DHS OIG Report for its complete and accurate contents.

60.     The allegations in paragraph 60 relate to whether information was available in ICE records. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 60 do not relate to Plaintiffs' remaining claims and no response is required.

61.     The allegations in paragraph 61 purport to quote and characterize a decision from *Ms. L*., 310 F. Supp. 3d at 1144. The United States respectfully refers the Court to that decision for a complete and accurate statement of its contents and denies the allegations in

paragraph 61 to the extent they are inconsistent with the contents of that decision.

62.     The United States denies the allegations in paragraph 62. The United States respectfully refers the Court to the *Ms. L.* decision, 310 F. Supp. 3d at 1144, and HHS OIG Report quoted in footnotes 59 and 60 for complete and accurate statements of their contents.

63.     The United States admits that President Trump signed an executive order on June 20, 2018, titled *Affording Congress an Opportunity to Address Family Separation,* Exec. Order No. 13841, 83 Fed. Reg. 29435 (pub. June 25, 2018), and respectfully refers the Court to that executive order for a complete and accurate statement of its contents. The United States denies the remaining allegations in paragraph 63.

64.     The allegations in paragraph 64 purport to quote from the executive order titled *Affording Congress an Opportunity to Address Family Separation,* Exec. Order No. 13841, 83 Fed. Reg. 29435 (pub. June 25, 2018). The United States respectfully refers the Court to that executive order for a complete and accurate statement of its contents.

65.     The allegations in paragraph 65 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 65 do not relate to Plaintiffs' remaining claims and no response is required.

66.     The United States admits that the Executive Order signed by President Trump on June 20, 2018, *Affording Congress an Opportunity to Address Family Separation,* Exec. Order No. 13841, 83 Fed. Reg. 29435 (pub. June 25, 2018), did not specify whether or how the federal government would reunify children with their parents. Footnote 64 cites, paraphrases, and quotes a decision in the *Ms. L.* case, 310 F. Supp. 3d at 1140-41, and a U.S. Government

Accountability Office ("GAO") Report, GAO-19-163, and the United States respectfully refers the Court to those documents for their complete and accurate contents. The United States otherwise denies the allegations in paragraph 66.

67.     The allegations in paragraph 67 relate to the alleged family separation policy and a June 2018 court order applicable to individuals in the *Ms. L.* class, of which Plaintiffs were not members. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, as well as Plaintiffs' exclusion from the *Ms. L.* class, the allegations in paragraph 67 do not relate to Plaintiffs' remaining claims and no response is required.

68.     The allegations in paragraph 68 relate to reunification of families who were members of the *Ms. L.* class. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, and Plaintiffs' exclusion from the *Ms. L.* class, the allegations in paragraph 68 do not relate to Plaintiffs' remaining claims and no response is required.

69.     The United States respectfully refers the Court to the DHS OIG report quoted in footnote 67 for a complete and accurate statement of its contents and denies the allegations in paragraph 69 to the extent they are inconsistent with the contents of that report.

70.     The allegations in paragraph 70 relate to reunification of families who were members of the *Ms. L.* class. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018,

*id*. at 44, and Plaintiffs' exclusion from the *Ms. L.* class, the allegations in paragraph 70 do not relate to Plaintiffs' remaining claims and no response is required. The United States respectfully refers the Court to the GAO Report cited in footnote 69 for a complete and accurate statement of its contents.

71.     The allegations in paragraph 71 relate to reunification of families who were members of the *Ms. L.* class. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, and Plaintiffs' exclusion from the *Ms. L.* class, the allegations in paragraph 71 do not relate to Plaintiffs' remaining claims and no response is required. The United States respectfully refers the Court to the GAO Report cited in footnote 69 for a complete and accurate statement of its contents.

72.     Paragraph 72 purports to characterize and quote Judge Sabraw's comments during a status conference in the *Ms. L.* case. The United States respectfully refers the Court to the transcript of that conference, No. 18 Civ. 0428 (DMS) (S.D. Cal. July 27, 2018), ECF No. 164, for its complete and accurate contents and denies the allegations in paragraph 72 to the extent they are inconsistent with those contents.

73.     The allegations in paragraph 73 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 73 do not relate to Plaintiffs' remaining claims and no response is required.

74.     The United States denies the allegations in paragraph 74.

75.     The United States admits that G.C. was not included in the *Ms. L.* class because he had a prior criminal conviction for aggravated assault and the class definition did not include parents with a "criminal history or communicable disease," *see Ms. L.*, 310 F. Supp. 3d at 1139 n.5.

76.     The United States denies the allegations in paragraph 76. The first two sentences of footnote 75 contain allegations that purport to summarize a Summary Order in *D.J.C.V. v. U.S. Immigration & Customs Enf't*, No. 18 CIV. 9115 (AKH), 2018 WL 10436675 (S.D.N.Y. Oct. 15, 2018), ECF No. 21, and other docket filings from that matter, and the United States respectfully refers the Court to those filings for a complete and accurate statement of their contents. The last sentence of footnote 75 consists of legal conclusions to which no response is required.

77.     The allegations in paragraph 77 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 77 do not relate to Plaintiffs' remaining claims and no response is required.

78.     The allegations in paragraph 78 relate to the alleged family separation policy. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 78 do not relate to Plaintiffs' remaining claims and no response is required.

**B**.     **The Well-Known Physical and Mental Health Trauma Associated Resulting from Family Separation**

79.     The United States denies the allegations in the last sentence of paragraph 79.

The United States denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

    **C.**    <u>**The Five-Month Forced Separation of Mr. C. and D.J.C.V. and Related Trauma**</u>

    **1.**    **Mr. C's Traumatic Separation from His Son**

80.    The United States admits that Plaintiffs were separated while they were in federal custody on or about May 2, 2018, and admits on information and belief that D.J.C.V. is G.C.'s son and was 19 months old on that date. The United States denies the remaining allegations in paragraph 80.

81.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.    The United States admits that Plaintiffs encountered United States Border Patrol ("USBP") Agents near Hidalgo, Texas, on or about April 30, 2018, and that on or about May 1, 2018, G.C. claimed that he feared returning to Honduras. The United States denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 83.

84.    The United States admits that USBP agents apprehended Plaintiffs and brought them to a USBP facility. The United States denies the remaining allegations in paragraph 84.

85.    The United States denies the allegations in paragraph 85.

86.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     The United States admits that G.C. has a 2010 misdemeanor conviction and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 88. The second sentence of paragraph 88 consists of legal conclusions regarding whether G.C.'s criminal conviction triggered mandatory detention under the Immigration and Naturalization Act ("INA") to which no response is required. The Government denies the remaining allegations in the second sentence of paragraph 88.

89.     The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, except admits that Plaintiffs were separated from one another on or about May 2, 2018.

91.     The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     The United States admits that Plaintiffs were separated from on or about May 2, 2018, through October 15, 2018. The United States otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     The United States admits that G.C. was transferred from USBP custody to an ICE facility in Texas after being separated from D.J.C.V. The United States denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.     The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     The United States denies the allegations in paragraph 95.

96.     The United States denies the allegations in the first sentence of paragraph 96. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 96.

97.     The United States admits that, while in ICE custody, G.C. was permitted to see a clinician who prescribed him anti-depressant and anti-anxiety medication. The United States denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97.

98.     The United States admits that it informed G.C. that his son was located in New York and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98.

99.     The United States admits that G.C. was detained in an immigration facility in New Jersey from July 1 to August 20, 2018, and that upon information and belief G.C. did not see or speak to D.J.C.V. during this period. The United States denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99.

## 2.     The Shifting and Inconsistent Rationales for Mr. C's Forced Separation

100.    The United States denies the allegations in paragraph 100.

101.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first six sentences of paragraph 101. The United States denies the remainder of the allegations in paragraph 101.

102.    The United States admits that G.C. was provided with an interview regarding his application for withholding of removal, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102.

103.    The United States admits that G.C. was detained by ICE at Hudson County Correctional Center for a portion of his immigration detention, and that a DNA test was conducted to ascertain whether he was D.J.C.V.'s biological father. The United States denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.

104.    The United States denies the allegations in paragraph 104.

105.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 106. With respect to the last sentence in paragraph 106, the United States admits that ORR had received a copy of D.J.C.V.'s birth certificate, in which G.C. is listed as D.J.C.V.'s father, and otherwise denies the allegations in paragraph 106.

107.    The United States denies the allegations in the first sentence of paragraph 107. With respect to the second sentence of paragraph 107, the United States admits that the ORR case file states: "As of 08/06/18, pending confirmation on whether minor can visit father in detention or set up video calls. There is a possibility father can be transferred to another detention." The United States otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 107.

108.    The United States admits that Lutheran Social Services of New York was the foster agency with which ORR had placed D.J.C.V. and denies the remaining allegations in paragraph 108.

109.    The United States denies knowledge and information sufficient to form a belief

as to the truth of the allegations in paragraph 109.

110.    The United States denies the allegations in the first two sentence of paragraph 110. The third sentence in paragraph 110 appears to be quoting an unidentified communication. The United States respectfully refers the Court to the contents of that communication, and denies the allegations in the third sentence of paragraph 110 to the extent they are inconsistent with the contents of that communication.

111.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraphs 111. The United States admits the allegations in the last sentence of paragraph 111.

112.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 112. With respect to the second sentence of paragraph 112, the United States admits that ICE's position on or around August 16, 2018, was that G.C. was properly detained in secure ICE detention, where D.J.C.V. could not be housed with him, and the United States otherwise denies the allegations in the second sentence of paragraph 112.

113.    The allegations in the first two sentences of paragraph 113 relate to the alleged family separation policy and G.C.'s immigration detention during the First Period of Separation. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, and Plaintiffs' exclusion from the *Ms. L.* class, the allegations in the first two sentences of paragraph 113 do not relate to Plaintiffs' remaining claims and no response is required. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third

and fourth sentences of paragraph 113.

114.    The allegations in paragraph 114 relate to G.C.'s immigration detention during the First Period of Separation. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 114 do not relate to Plaintiffs' remaining claims and no response is required.

115.    The allegations in paragraph 115 relate to G.C.'s immigration detention during the First Period of Separation. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, and dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, the allegations in paragraph 115 do not relate to Plaintiffs' remaining claims and no response is required.

### 3.  The Government's Conditioning Reunification on Forfeiture of Mr. C.'s Rights

116.    The allegations in the first sentence of paragraph 116 relate to the alleged family separation policy, First Period of Separation, and Counts IV, V, and VI of the Complaint, which have been dismissed, *see* June 2022 Decision. In light of the Court's finding that "G.C.'s criminal history, and not the Zero Tolerance policy, drove the separation in this case," August 2023 Decision at 25, dismissal of Plaintiffs' claims arising from the period from May 2, 2018, to October 10, 2018, *id*. at 44, and dismissal of Counts IV, V, and VI of the Complaint, the allegations in the first sentence of paragraph 116 do not relate to Plaintiffs' remaining claims and no response is required. The United States admits that a Department of Justice attorney informed Plaintiffs on or around August 23, 2018, by email that DHS would "reunify for the purposes of removal," and otherwise denies the allegations in the second and third sentences of

paragraph 116. The United States denies knowledge and information sufficient to form a belief as to the truth of the last sentence in paragraph 116. The United States denies the allegations in footnote 82 that the government engaged in a practice of coercing asylum applicants to sign waivers and respectfully refers the Court to the materials cited in footnote 82 for a complete and accurate statement of their contents.

117.    The allegations in paragraph 117 relate to Counts IV, V, and VI of the Complaint, which have been dismissed, *see* June 2022 Decision, and therefore no response is required.

118.    The United States denies the allegations in paragraph 118.

119.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 119 and denies the allegations in the last sentence of paragraph 119.

120.    The United States admits that an immigration judge in New York granted G.C.'s petition for bond and he was released on bond on October 10, 2018.

121.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

**4.    D.J.C.V.'s Experience of Separation From His Father**

122.    The United States admits that D.J.C.V. was transferred by ICE from Texas to New York, while G.C. remained detained in Texas. The United States denies the remaining allegations in paragraph 122.

123.    The United States admits that D.J.C.V. was transferred to new foster homes or caregivers three times while in ORR custody and that one of D.J.C.V.'s foster parents was alleged to have spanked another foster child, and otherwise denies the allegations in the first two sentences of paragraph 123. The United States denies knowledge or information sufficient

to form a belief as to the truth of the allegations in the third sentence of paragraph 123. The fourth sentence of paragraph 123 purports to summarize a clinician's notes. The United States respectfully refers the Court to those notes for their complete and accurate contents and denies the allegations in the fourth sentence of paragraph 123 to the extent they are inconsistent with those notes.

124.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124. This paragraph appears to quote from a letter dated September 12, 2018, that purports to be from the federally-appointed Child Advocate for D.J.C.V. and was submitted as Exhibit C to the October 12, 2018, Declaration of Carolyn Silane ("Silane Declaration"), filed in support of Plaintiffs' briefing in the habeas action. *See* 18 Civ. 9115 (AKH), ECF No. 19. The United States respectfully refers the Court to Exhibit C of the Silane Declaration for its complete and accurate contents.

125.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and denies that it caused D.J.C.V. to suffer trauma.

### 5.    Mr. C. and D.J.C.V.'s Reunification Following a Federal Court Determination that Continued Separation Was Unlawful.

126.    The United States admits that on October 11, 2018, G.C. was permitted to have a supervised visit with D.J.C.V., supervised by a Lutheran Social Services employee.

127.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    The United States admits that due to ORR's obligations surrounding release of

minors in its custody, it was unable to "immediately return" D.J.C.V. to G.C. The United States otherwise denies the allegations in paragraph 129.

130.    The United States admits that G.C. filed a petition for a writ of habeas corpus in the Southern District of New York and sought preliminary injunctive relief on an expedited schedule. The United States respectfully refers the Court to G.C.'s Habeas Petition and Notice of Motion for Preliminary Injunction on Expedited Schedule, 18 Civ. 9115 (AKH), ECF Nos. 1-3, for their complete and accurate contents, and denies the allegations in paragraph 130 to the extent they are inconsistent with the contents of those documents.

131.    The United States admits that on October 15, 2018, Judge Hellerstein granted G.C.'s Habeas Petition and ordered that D.J.C.V. be released to G.C. The United States respectfully refers the Court to that order, *D.J.C.V. v. U.S. Immigration & Customs Enft.*, No. 18 Civ. 9115 (AKH), 2018 WL 10436675 (S.D.N.Y. Oct. 15, 2018), ECF No. 21, for its complete and accurate contents, and denies the allegations in the first and second sentences of paragraph 131, including footnote 86, to the extent they are inconsistent with the contents of that Order. The United States further admits that D.J.C.V. was released from ORR custody to G.C. on October 15, 2018. The last sentence of paragraph 131 purports to quote and characterize a comment Judge Hellerstein made at the hearing on G.C.'s Habeas Petition. The United States respectfully refers the Court to the transcript of that hearing for its complete and accurate contents, and denies the allegations in paragraph 131 to the extent they are inconsistent with the contents of that transcript.

132.    Paragraph 132 purports to quote and characterize the Order granting G.C.'s Habeas Petition. The United States respectfully refers the Court to that order, *D.J.C.V. v. U.S. Immigration & Customs Enft.*, No. 18 Civ. 9115 (AKH), 2018 WL 10436675 (S.D.N.Y. Oct.

15, 2018), ECF No. 21, for its complete and accurate contents, and denies the allegations in paragraph 132 to the extent they are inconsistent with the contents of that Order.

### 5.     Mr. C. and D.J.C.V.'s Harms and Losses

133.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

### COUNT I
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.    The United States repeats and re-incorporates the responses to paragraphs 1 through 137 as though fully set forth herein.

139.    The United States denies the allegations in paragraph 139.

140.    The United States denies the allegations in paragraph 140.

141.    Paragraph 141 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in paragraph 141.

142.    Paragraph 142 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in

paragraph 142.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

143.    The United States repeats and re-incorporates the responses to paragraphs 1 through 142 as though fully set forth herein.

144.    The first sentence of paragraph 144 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in that sentence and the remaining allegations in paragraph 144.

145.    The United States denies the allegations in paragraph 145.

146.    The United States denies the allegations in paragraph 146.

147.    Paragraph 147 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in paragraph 147.

## COUNT III
## NEGLIGENCE

148.    The United States repeats and re-incorporates the responses to paragraphs 1 through 147 as though fully set forth herein.

149.    Paragraph 149 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in paragraph 149.

150.    The United States denies the allegations in paragraph 150.

151.    The United States denies the allegations in paragraph 151.

152.    Paragraph 152 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in

paragraph 152.

## COUNT IV
## TORTURE

153.    Count IV of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 153 is required.

154.    Count IV of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 154 is required.

155.    Count IV of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 155 is required.

156.    Count IV of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 156 is required.

## COUNT V
## CRIME AGAINST HUMANITY: PERSECUTION

157.    Count V of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 157 is required.

158.    Count V of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 158 is required.

159.    Count V of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 159 is required.

160.    Count V of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 160 is required.

161.    Count V of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 161 is required.

162.    Count V of the Complaint has been dismissed*, see* the June 2022 Decision, and therefore no response to paragraph 162 is required.

163.    Count V of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 163 is required.

164.    Count V of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 164 is required.

## COUNT VI
## CRIME AGAINST HUMANITY:INHUMANE ACTS

165.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 165 is required.

166.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 166 is required.

167.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 167 is required.

168.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 168 is required.

169.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 169 is required.

170.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 170 is required.

171.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 171 is required.

172.    Count VI of the Complaint has been dismissed, *see* the June 2022 Decision, and therefore no response to paragraph 172 is required.

## PRAYER FOR RELIEF

The final, unnumbered "Wherefore" paragraph constitutes a prayer for relief, to which

no response is required. To the extent a response is deemed required, the United States denies

that Plaintiffs are entitled to the requested relief or any relief.

### DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby

denied. For further defenses, the United States alleges as follows:

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims to the extent they arise

from actions or omissions not subject to the FTCA.

### Second Defense

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance

or the failure to exercise or perform a discretionary function or duty, or to the extent that they are

based on the execution of federal statutes and regulations. 28 U.S.C. § 2680(a).

### Third Defense

Plaintiffs' claims are subject to, and limited by, the FTCA. 28 U.S.C. §§ 1346(b), 2671,

*et seq*.

### Fourth Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims to the extent they were

not presented in writing to the appropriate federal agency. *See* 28 U.S.C. § 2675(a).

### Fifth Defense

The Complaint fails to state a claim upon which relief can be granted.

### Sixth Defense

The United States did not engage in extreme or outrageous conduct toward Plaintiffs, and

did not cause or intend to cause Plaintiffs to sustain severe or extreme emotional distress or any

other injury.

## Seventh Defense

The United States, through its employees and agents, acted with due care and diligence at all relevant times and did not breach any duty owned to Plaintiffs.

## Eighth Defense

None of the United States' acts or omissions were the cause in fact or proximate cause of any injury to Plaintiffs or any of the damages alleged in the Complaint.

## Ninth Defense

Plaintiffs' recovery, if any, is limited by their failure to mitigate their damages.

## Tenth Defense

The acts or omissions of other parties or nonparties over whom the United States did not have supervision or control were the cause in fact or proximate cause of Plaintiffs' injuries alleged in the Complaint, if found to exist, and for which the United States cannot be held liable.

## Eleventh Defense

In the event that the court enters a judgment against the United States, that judgment must be reduced, pursuant to N.Y. C.P.L.R. § 4545 and other applicable New York State laws, by the amounts that Plaintiffs have been, or will be with reasonable certainty, reimbursed or indemnified by any collateral source, including but not limited to, insurance, Social Security, Workers' Compensation, or Employee Benefit programs, for any past or future economic loss arising from the alleged injuries and damages.

## Twelfth Defense

The United States' liability, if any, is limited with respect to any claim by Plaintiffs for non-economic loss, pursuant to N.Y. C.P.L.R. § 1601, to an equitable share determined in

accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiffs could have obtained jurisdiction with due diligence.

### Thirteenth Defense

Under the FTCA, Plaintiffs are not entitled to a jury trial. 28 U.S.C. § 2402.

### Fourteenth Defense

Plaintiffs may not recover pre-judgment interest, punitive damages, or non-monetary damages pursuant to 28 U.S.C. § 2674.

### Fifteenth Defense

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

### Sixteenth Defense

Plaintiffs' recovery, if any, against the United States is limited to the amount of damages specified in their administrative claims. 28 U.S.C. § 2675(b).

### Seventeenth Defense

Any recovery by Plaintiffs is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

### Eighteenth Defense

Should the Court award judgment in Plaintiffs' favor, Plaintiffs may not recover costs or attorney's fees in excess of those permitted by 28 U.S.C. §§ 2412, 2678, and any attorney's fees must be taken out of the judgment or settlement.

*          *          *

The United States may have additional defenses that are not known to it at this time, but that may be ascertained during litigation. The United States reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, the United States, having fully answered the allegations in the Complaint and stated its defenses, respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment in favor of the United States, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: September 15, 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:  */s/ Mollie Kornreich*
MOLLIE KORNREICH
CARLY WEINREB
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274/2769
Email: mollie.kornreich@usdoj.gov
       carly.weinreb@usdoj.gov

35